UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>KIPP NYC PUBLIC CHARTER SCHOOLS, et al.,<br><br>　　　　　　　Defendants. | 25-CV-1820 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　　Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction. Plaintiff's complaint asserts claims for unlawful searches, in violation of the Fourth Amendment to the U.S. Constitution, failure to maintain records, in violation of the Federal Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. She also alleges generally that she has been retaliated against for having acted as a "whistleblower" during middle school in 1996-2000, which led to a lawsuit that was settled in 2019. Plaintiff has moved for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and asks "temporarily" to proceed anonymously.

　　　　The Clerk of Court has erroneously marked this action as a *qui tam* action under the False Claims Act, 31 U.S.C. § 3730, causing it to be filed under seal.[1] The Clerk of Court is directed to

---

[1] On March 12, 2025, after the action was sealed, Plaintiff filed an amended complaint adding new defendants and claims. She invokes the Racketeer Influenced and Corrupt Organizations Act (RICO), the Americans with Disabilities Act (ADA), the Foreign Intelligence Surveillance Act (FISA), FERPA, the Stored Communications Act (SCA), the Electronic Communications Privacy Act (ECPA), 42 U.S.C. §§ 1983, 1985(3), and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. She also invokes the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302, which appears inapplicable because Plaintiff does not allege that she was a federal employee. Unlike the FCA, which includes a 60-day sealing requirement for a complaint, 31 U.S.C. § 3730(b)(2), but is not at issue here, the WPA does not require a complaint to be filed

unseal this action and docket the pleadings with restricted public access. Because Plaintiff seeks leave to proceed anonymously, public viewing of the pleadings will be restricted until adjudication of the motion for a protective order and request to proceed anonymously.

## CONCLUSION

The Clerk of Court is directed to unseal this action and docket the pleadings with restricted public access. Until further order, Plaintiff's name shall be listed on the public docket as "Jane Doe." Because Plaintiff seeks leave to proceed anonymously, public viewing of the pleadings will be restricted until adjudication of the motion for a protective order and request to proceed anonymously.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 18, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

under seal. The fact that Plaintiff invokes the WPA in her amended complaint thus does not provide any basis for maintaining this action under seal.