UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>-against-<br><br>KIPP NYC PUBLIC CHARTER SCHOOLS, et al.,<br><br>       Defendants. | 25-CV-1820 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction. On March 12, 2025, Plaintiff filed an amended complaint adding new defendants and claims. She invokes the Racketeer Influenced and Corrupt Organizations Act (RICO), the Federal Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, the Foreign Intelligence Surveillance Act (FISA), the Stored Communications Act (SCA), the Electronic Communications Privacy Act (ECPA), 42 U.S.C. §§ 1983, 1985(3), the Americans with Disabilities Act (ADA), and the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302.

  Plaintiff has moved for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and seeks "temporarily" to proceed anonymously. Public viewing of the pleadings has been restricted pending adjudication of these motions.[1]

---

[1] The action had originally been treated as one arising under the False Claims Act (FCA), 31 U.S.C. § 3730, causing it to be filed under seal. By order dated March 18, 2025, the Court held that the claims in Plaintiff's complaint (and amended complaint) did not arise under the FCA, which she had not invoked. The Court directed that the action be unsealed but that public access continue to be restricted.

For the reasons set forth below, the Court (1) denies Plaintiff's motion for a protective order, without prejudice to renewal; and (2) holds that Plaintiff has not demonstrated that her case is an exceptional one that should be allowed to proceed pseudonymously, but grants her 30 days' leave to file a declaration with any additional facts to support her application.

## DISCUSSION

A.   **Protective order under Rule 26(c)**

Plaintiff seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26 requires parties, while awaiting discovery requests, to make initial disclosures of certain information within 30 days after being served or joined, unless a different time is set by stipulation or court order. Fed. R. Civ. P. 26(a)(1)(C). "A party or any person from whom discovery is sought may move for a protective order," either in the court where the action is pending, or the court for the district where a deposition will be taken, to limit disclosure or discovery. Fed. R. Civ. P. 26(c).

In support of her motion, Plaintiff contends that she "has a right to protection from harassment, retaliation, and unlawful surveillance." Plaintiff alleges that approximately 25 years ago, from 1996-2000, she attended KIPP Academy. At some point, Plaintiff sued KIPP Academy, and on April 23, 2019, the parties entered into a settlement agreement. Plaintiff asserts that, since the 2019 settlement of her claims against KIPP, she and her family have been harassed and their safety has been threatened. She argues that she has "reason to believe that she is under illegal government and corporate surveillance linked to Defendants," which "includes possible misuse of FISA surveillance tools and National Security Letters (NSL) to monitor and suppress her legally protected activities." In her amended complaint, Plaintiff adds Defendants National Security Agency (NSA), Federal Bureau of Investigation (FBI), Department of Homeland Security (DHS), and the Office of the Director of National Intelligence. She seeks an order

directing Defendants to cease "harassment, surveillance, or intimidation," of Plaintiff or her family, restrictions on Defendants' contact with her mother, and "temporary anonymity in all public records."

A Rule 26(c) motion requires the moving party to certify that movant has attempted to meet and confer with affected parties to resolve the discovery dispute without court action. Plaintiff brings this motion prior to service on Defendants, and it therefore appears to be premature.[2] Moreover, the relief that Plaintiff seeks is much broader than the protection of disclosure and discovery provided for in Rule 26(c). The Court therefore denies Plaintiff's motion for a protective order, pursuant to Rule 26(c), without prejudice to renewal after issuance of an order of service of the summons and complaint.

**B.     Motion to proceed anonymously**

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).

Courts consider the following non-exhaustive list of factors in determining whether to allow a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of

---

[2] Plaintiff seeks leave to proceed *in forma pauperis*, and the Court therefore must screen the complaint for potential dismissal as frivolous, malicious, or for failure to state a claim before any summons can issue, 28 U.S.C. § 1915(e)(2)(B), and service can be effected.

> the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

Turning to the first factor, the allegations of Plaintiff's complaint and amended complaint are insufficient to show that her claims are of a highly sensitive nature. Plaintiff alleges that she attended KIPP Academy more than 25 years ago, and that she sued KIPP Academy, resulting in a settlement agreement in 2019. In this action, she alleges that on unspecified dates, Defendants have engaged in "illegal surveillance, electronic tracking, and potential intelligence operations." She seeks disclosure of "any FISA warrants, national security actions, or surveillance measures," and seeks, under the FERPA, all of her student records, which she contends were "wrongfully destroyed or altered." Plaintiff contends that Defendants have made unspecified defamatory statements that have "resulted in the loss of career opportunities, reputational damage, and severe emotional distress." She seeks damages and to enjoin future "defamation, retaliation, or unlawful surveillance."

These allegations do not establish claims of a highly sensitive nature. *See, e.g., Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered

4

physical or psychological damage as a result . . . is not enough to entitle a plaintiff to proceed anonymously"); *Abdel-Razeq v. Alvarez & Marsal Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, *3 (S.D.N.Y. Nov. 12, 2015) ("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity"); *Doe v. Delta Airlines, Inc.*, No. 13-CV-6287 (PAE), 2015 WL 5781215 at *2 (S.D.N.Y. Oct. 2, 2015) (plaintiff's argument that she would be harmed in her "reputation and finances" if it was revealed that she was arrested for public intoxication did not outweigh the presumption of access). This factor thus does not weigh in favor of granting anonymity.

Next, Plaintiff suggests that KIPP Academy and "governmental agencies, legal representatives and insurance providers [have] engaged in a coordinated effort to silence, defame, and intimidate her . . . ." These conclusory allegations are insufficient to show a risk of retaliatory physical, mental, or other harm. Moreover, Plaintiff does not show with any specificity that some incremental injury would result from disclosure of her identity in this suit.

Plaintiff also does not allege facts showing that she is particularly vulnerable to the possible harms of disclosure. Although she may have been underage at the time of events in 1996-2000, which gave rise to Plaintiff's claims against KIPP Academy that were settled in 2019, she is an adult at the time of this litigation. Further, Plaintiff's suit challenges the actions of government agencies and private parties, and the case is not of a purely legal nature. The KIPP Academy and other defendants have a substantial interest in maintaining their good names and reputations, and the public's interest is furthered by disclosing Plaintiff's identity. Less drastic remedies, such as a protective order in connection with discovery, could protect against the public release of any particularly sensitive information. These factors thus do not favor allowing Plaintiff to proceed pseudonymously.

In favor of anonymity is the fact that Plaintiff's information has, thus far, been kept confidential.

Although Plaintiff's desire to shield herself from public scrutiny is understandable, "courts have put weight on the right of the public to know the identity of the litigants," and the burden is on the party seeking to proceed pseudonymously to "rebut the presumption of public access." *Branca*, 2022 WL 2713543, at *2. "[T]he bar to proceed in Court anonymously is high." *Doe v. Delta Air Lines, Inc.*, No. 23-CV-931 (RPK) (LB), 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023). After balancing Plaintiff's interest in anonymity against the public interest in disclosure and the potential prejudice to Defendants, the Court concludes that Plaintiff has not demonstrated that her case is an exceptional one that should be allowed to proceed pseudonymously.

Because Plaintiff may wish to allege additional facts to support her application to proceed anonymously, the Court grants Plaintiff 30 days' leave to submit a declaration setting forth any additional reason why she should be allowed to proceed using a pseudonym. If Plaintiff does not file a declaration within the time allowed, or withdraw the action, the Court will issue an order directing that public access to the pleadings should not be restricted and Plaintiff's name should appear on the public docket. If Plaintiff files a declaration, but the declaration does not allege facts that meet Plaintiff's burden of demonstrating that she should be allowed to proceed pseudonymously, the Court will grant Plaintiff an additional opportunity to voluntarily withdraw the action before it appears on the public docket.

## CONCLUSION

The Clerk of Court is directed to docket this order with restricted public access. Until further order, subsequent documents shall also be filed with restricted access, pending a final determination whether public access is required.

Plaintiff's motion for a protective order under Rule 26(c) is denied, without prejudice to renewal. Plaintiff's motion to proceed anonymously is denied, with 30 days' leave to submit a declaration setting forth any additional reason why she should be allowed to proceed using a pseudonym. A declaration form is attached to this order. If Plaintiff does not, within 30 days, either file a declaration or withdraw the action, the Court will direct that the ordinary public access to the pleadings be available and that Plaintiff's name should appear on the public docket. If Plaintiff files a declaration, the Court will review it before making a final determination about public access to Plaintiff's pleadings and name.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 24, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge